UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMANTHA LAWRENCE-JONES,

    Plaintiff,

v.                                  Case No. 8:24-cv-01388-AEP

FRANK BISIGNANO,
Commissioner of Social Security,[1]

    Defendant.
_____/

**ORDER**

Plaintiff seeks judicial review of the denial of her claim for a period of disability, disability insurance benefits ("DIB"), and Supplemental Security Income ("SSI"). As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the Commissioner's decision is affirmed.

**I.**

Plaintiff filed an application for a period of disability, DIB, and SSI (Tr. 115–118). After initially paying Plaintiff benefits, the Social Security Administration ("SSA") found that Plaintiff was able to work and ceased paying Plaintiff benefits

---

[1] Frank Bisignano is now the Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Commissioner Frank Bisignano should be substituted as the defendant in this matter. No further action needs to be taken to continue this matter by reason of the last sentence of section 205(g) of the Social Security Act. 42 U.S.C. § 405(g).

(Tr. 112). The SSA also denied Plaintiff's claim upon reconsideration (Tr. 92). Plaintiff then requested an administrative hearing (Tr. 89–90). A Notice of Hearing was mailed to Plaintiff ahead of the hearing date, followed by a second reminder notice (Tr. 6). Plaintiff did not appear at the hearing (Tr. 7). The Plaintiff was then mailed a Notice to Show Cause for Failure to Appear, which Plaintiff did not timely respond to (Tr. 7). The ALJ determined that there was no good cause for the failure to appear and dismissed Plaintiff's request for a hearing (Tr. 7). Plaintiff then requested more time to respond to the Notice to Show Cause for Failure to Appear, which the Appeals Council granted (Tr. 8–9). Plaintiff subsequently sent the Appeals Council correspondence regarding her failure to appear (Tr. 119–125). Plaintiff's request for review from the Appeals Council was denied (Tr. 1–2). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g), 1383(c)(3).

**II.**

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation and internal quotation marks omitted). While the court reviews the Commissioner's decision with deference to the factual findings,

no such deference is given to the legal conclusions. *Ingram v. Comm'r of Soc. Sec.*, 496 F.3d 1253, 1260 (11th Cir. 2007) (citations omitted).

In reviewing the Commissioner's decision, the court may not reweigh the evidence or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision. *Winschel*, 631 F.3d at 1178 (citations omitted); *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that they have conducted the proper legal analysis, mandates reversal. *Ingram*, 496 F.3d at 1260 (citation omitted). The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002) (per curiam) (citations omitted).

### III.

As an initial matter, this appeal presents a jurisdictional issue that courts have yet to resolve. In a typical SSA appeal, courts review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g). Section 405(g) vests appellate jurisdiction on the district courts "after any final decision of the Commissioner of Social Security made after a hearing." *Id.* "This provision clearly limits judicial review to a particular type of agency action, a 'final decision of the Secretary made after a hearing.'" *Califano v. Sanders*, 430 U.S. 99, 108 (1977) (quoting 42 U.S.C. § 405(g)). An exception to the "final decision after a hearing" requirement exists

where the Plaintiff brings forward a colorable constitutional claim. *See id.* at 109 ("Constitutional questions obviously are unsuited to resolution in administrative hearing procedures and, therefore, access to the courts is essential to the decision of such questions."). Additionally, the Supreme Court has held that the exhaustion requirements of § 405(g) "may not only be waived by the agency, . . . but also excused by the courts." *Smith v. Berryhill*, 587 U.S. 471, 478 (2019).

Here, Plaintiff never had a hearing due to her failure to attend. Nevertheless, Plaintiff asserts that this Court has jurisdiction pursuant to the exception for constitutional claims (Doc. 20, at 2), and the Commissioner "is electing not to invoke § 405(g) as a potential bar to judicial review and accepts the Court's authority to review the ALJ's dismissal of Plaintiff's hearing request, but reserves the right to change its position in subsequent cases" (Doc. 21, at 6). Thus, the Court is satisfied it has jurisdiction to address Plaintiff's arguments.

Plaintiff argues that the Appeals Council erred by failing to address whether she submitted new and material evidence to show good cause for failure to appear at the hearing (Doc. 20, at 3). Plaintiff characterizes the Appeals Council's action as a denial of due process (Doc. 20, at 2). The Commissioner maintains that the Appeals Council is not required to make specific findings when it denies review (Doc. 21, at 6). Further, the Commissioner notes that Plaintiff did not challenge the ALJ's dismissal itself, only the Appeals Council's denial (Doc. 21, at 6–7).

Under SSA regulations, an ALJ may dismiss a hearing request when:

> Neither you nor the person you designate to act as your representative appears at the time and place set for the hearing and you have been

4

> notified before the time set for the hearing that your request for hearing may be dismissed without further notice if you did not appear at the time and place of hearing, and good cause has not been found by the administrative law judge for your failure to appear.

20 C.F.R. § 404.957(b)(1)(i). A claimant who is dissatisfied with a hearing decision or the dismissal of a hearing request may request that the Appeals Council review that action. 20 C.F.R. § 1467. The claimant must make the request within 60 days of the date the claimant receives notice of the dismissal and must state why the dismissal of the hearing request was erroneous. 20 C.F.R. § 404.960. "The Appeals Council may deny a party's request for review or it may decide to review a case and make a decision." 20 C.F.R. § 416.1481. The Appeals Council will review a case if it "receives additional evidence that is new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. § 416.1470(a)(5).

When the Appeals Council denies review, it "is not required to make specific findings of fact." *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 852 (11th Cir. 2015); *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 783 (11th Cir. 2014) (holding that there is no requirement that "the Appeals Council . . . provide a detailed discussion of a claimant's new evidence when denying a request for review"). The Appeals Council needs only to "'consider the additional evidence' that is new, material, and chronologically relevant." *Id.* (quoting 20 C.F.R. § 416.1470(b)).

Plaintiff posits that if she provided a statement to the Appeals Council as to why she did not appear at the scheduled hearing, the Appeals Council must determine if the statement constitutes new and material evidence (Doc. 20, at 5). The Court need not address this issue because that is not what happened here. Here, Plaintiff submitted a letter apologizing for missing the hearing and explaining why disability benefits were important to her (Tr. 120–25). Plaintiff never explained why she missed the hearing, missed deadlines to respond to the Show Cause Notice, or failed to provide a reason for missing the hearing when she initially requested Appeals Council review of the hearing dismissal (Tr. 120–25). She did not attempt to explain why the ALJ's dismissal of her hearing request was erroneous (Tr. 120–25). When the Appeals Council received her request, it applied its rules and properly found there was no reason to review the ALJ's decision. Without any argument that the ALJ's decision was erroneous or that Plaintiff missed the hearing for good cause, the Appeals Council had no obligation to make further findings of fact to explain its decision. *See Parks ex rel. D.P.*, 783 F.3d at 852.

## IV.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is affirmed.

2. The Clerk is directed to enter final judgment in favor of Defendant and close the case.

DONE AND ORDERED in Tampa, Florida, on this 8th day of September 2025.

ANTHONY E. PORCELLI
United States Magistrate Judge

cc: Counsel of Record